**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE: SHEILA GREGORY STUBBS, | ) | |
| | ) | |
| Debtor. | ) | NO. 2:05-CV-439 |
| | ) | |
| SHEILA GREGORY STUBBS and | ) | Adv. Pro. No. 04-6069 |
| PAUL R. CHAEL as Chapter 13 | ) | (Case No. 04-60428) |
| Trustee, | ) | |
| | ) | |
| Plaintiffs-Appellees | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHASE MANHATTAN MORTGAGE  CORP., | ) | |
| DEUTSCHE BANK NATIONAL TRUST CO., | ) | |
| as Custodian f/k/a BANKERS TRUST | ) | |
| COMPANY OF CALIFORNIA; ADVANTA | ) | |
| FINANCE  CORP., and BANKERS TRUST | ) | |
| COMPANY OF CALIFORNIA a/k/a | ) | |
| CALIFORNIA BANKERS TRUST CO., | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on an appeal from the United
States Bankruptcy Court for the Northern District of Indiana's
September 13, 2005 order, filed by Defendants/Appellants, Chase
Manhattan Mortgage Corporation; Deutsche Bank National Trust Company,
as Custodian Trustee f/k/a Bankers Trust Company of California; and
Bankers Trust Company of California a/k/a California Bankers Trust
Company.  For the reasons set forth below, the September 13, 2005,

order of the bankruptcy court is **AFFIRMED.**

BACKGROUND

 The procedural background is undisputed, and is taken directly from Appellants' brief.

> Appellee filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code on February 5, 2004, Case Number 04-60428-JPK-13. Appellee's Chapter 13 plan was filed on March 5, 2004. Appellant objected to the lien avoidance provision of said plan on March 25, 2004. The hearing on Appellant's objection to the plan was set for April 15, 2004. Based on the filing of the adversary proceeding on April 15, 2004, the bankruptcy court entered an order on April 23, 2004 suspending confirmation proceedings pending the determination of the adversary proceeding (and now, the instant appeal).
> Appellee amended the adversary complaint on May 5, 2004 reiterating the lien avoidance under 11 U.S.C. § 544(a)(3) and adding a request for alternative relief in the form of a judicial determination of the extent of the secured claim of Appellant under 11 U.S.C. § 1322 (As the bankruptcy court disposed of the matter in the ruling on 11 U.S.C. § 544(a)(3), the alternative relief was rendered moot and is not the subject of this appeal).
> Appellant filed its answer to the amended complaint on June 29, 2004. Several pre-trial conferences were held and, ultimately, the bankruptcy court ordered on December 7, 2004 Appellee was to obtain the consent of the Chapter 13 Trustee to exercise the avoidance powers of 11 U.S.C. § 544(a)(3). Appellee filed its motion to join the trustee as party plaintiff and an order granting that motion was entered May 10, 2005. In the period between December 7, 2004 and June 1, 2005, Appellee and Appellant both filed

motions for summary judgment and briefs in
support thereof despite the Bankruptcy Court's
prior orders to submit stipulated facts,
respective briefs, and responses thereto.  The
Bankruptcy Court, as detailed in the decision and
order entered September 13, 2005, decided the
adversary [proceeding] on the stipulated record
as it had previously ordered.

After the entry of the decision and order
and judgment, Appellant timely filed its Notice
of Appeal, Designation of Contents for Inclusion
in the Record on Appeal and Statement of Issues
to be presented on Appeal.

(Appellants' Br. at 2-3.)

The Bankruptcy Court made the following findings of facts, and

neither party now disputes these facts:

The facts which gave rise to this adversary
complaint are not in dispute and are largely
embodied in the "parties' Stipulation of
Facts..."("Stip").  On April 22, 1998, Stubbs, as
mortgagor, executed a mortgage to Advanta Finance
Corp.  ("Advanta") for the properties located at
4969 Adams Street, Gary, Indiana, and 3615
Connecticut Street, Gary, Indiana. [Stip. ¶¶ 1-3,
Exhibit A].  The mortgage was recorded on April
23, 1998. [*Id.* ¶ 2].  The document was notarized
by Notary Darin Loucks. [*Id.* ¶ 4].  On February
23, 2004, Chase filed a Proof of Claim - Claim #4
- in Stubbs' Chapter 13 case. [Amended Complaint
¶5, Answer ¶5].  Claim #4 designates Chase's
claim in the amount of $84,888.43 to be a secured
claim. [*Id.*].

The only relevant facts with respect to
determination of this case concern the format of
the signatures and acknowledgment in the
defendants' mortgage. The wonders of modern
technology allow the Court to reproduce exactly
in this decision the critical portion of the
mortgage document, and that is the following:

[the bankruptcy court here reproduced the
relevant portion of the mortgage document]

Plaintiffs in this case argue, and the

-3-

> Defendants deny, that the acknowledgment of the
> mortgage is deficient as it fails to state who
> appeared before the attesting official at the
> time the document was notarized.

(Bankr. Order at 5-6.)(footnote omitted).

The bankruptcy court, in a well-reasoned and thorough order, determined that Shiela Gregory Stubbs ("Stubbs") had standing to exercise the trustee's avoidance powers.  (Bankr. Order at 7.)  The bankruptcy court then analyzed the acknowledgment at issue in this case, and determined that it was defective.  (Bankr. Order at 16-17, 19.)  Additionally, the bankruptcy court found that the acknowledgment did not provide constrictive notice to a bone fide purchaser.  (Bankr. Order at 19.) Thus, the bankruptcy court found that the mortgage lien may be avoided pursuant to 11 U.S.C. section 544(a)(3), for the benefit of the bankruptcy estate.  (Bankr. Order at 19-20.)


DISCUSSION

In reviewing a bankruptcy court's decision pursuant to 28 U.S.C. section 158(a), the district court functions as an appellate court and is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling.  Fed. R. Bankr. P. 8013.  Appellate courts apply the same standards of review in examining bankruptcy court decisions that govern appeals in other cases.  *See Smoker v. Hill & Assocs., Inc.,* 204 B.R. 966, 971 (N.D. Ind. 1997).  Accordingly, this Court reviews the bankruptcy court's conclusions of law de novo and the bankruptcy court's findings of fact under the clearly erroneous standard.  Fed.

-4-

R. Bankr. P. 8013; *see also In re Lefkas General Partners*, 112 F.3d 896, 900 (7th Cir. 1997).

Appellants raise two issue(s) on appeal: (1) whether the bankruptcy court erred as a matter of law in holding the debtor may utilize the Chapter 13 Trustee's avoidance powers of 11 U.S.C. section 544(a)(3) to avoid a mortgage lien based upon a purportedly defective mortgage acknowledgment; and (2) if the debtor may exercise the Chapter 13 Trustee's avoidance powers, whether the bankruptcy court erred as a matter of law in allowing the exercise of those powers without bringing a benefit to the estate.  (Appellants' Br. at 1.) Each issue is addressed in turn.


<u>May the Debtor Exercise the Chapter 13 Trustee's Avoidance</u>
<u>Powers under 11 U.S.C. Section 544(a)(3)</u>?

As pointed out by the Appellees, the argument presented in Appellants' brief does not appear connected to the issue as stated by Appellants.  The issue, as framed, is whether the debtor, as opposed to the trustee, has standing to utilize section 544(a)(3) to avoid a mortgage lien.  Appellants' argument section focuses instead on the propriety of the bankruptcy court's determination that the acknowledgment did not provide constructive notice to a bone fide purchaser, claiming that (1) the bankruptcy court erred in relying on *In re Baldin*, 135 B.R. 586 (Bankr. N.D. Ind. 1991) and *In re Sandy Ridge Oil Co., Inc,* 807 F.2d 1332 (7th Cir. 1986); (2) pursuant to Indiana Code section 36-2-11-16(f) the mortgage is conclusively

presumed to comply with Indiana's requirements for recordation; and
(3) several other cases relied upon by the bankruptcy court are
distinguishable from the instant case.  In an effort to address
Appellants' appeal on the merits, both the issue as stated, and the
issue argued in the body of the brief will be addressed.

The statute Appellees rely upon, 11 U.S.C. section 544(a), is
referred to as a "strong arm" statute.  *In re Baldin*, 135 B.R. at 591.
It provides the trustee with the standing of a hypothetical lien
holder or a bona fide purchaser for value.  *Id.*  This permits the
trustee to avoid pre-petition consensual liens or conveyances. *Id.*
11 U.S.C. section 544 provides in relevant part that:

> (a)   The   trustee   shall   have,   as   of   the
> commencement of the case, and without regard to
> any knowledge of the trustee or of any creditor,
> the  rights  and  powers  of,  or  may  avoid  any
> transfer  of  property  of  the  debtor  or  any
> obligation  incurred  by  the  debtor  that  is
> voidable by -
> > (3) a bona fide purchaser of real property,
> > other  than  fixtures,  from  the  debtor,
> > against  whom  applicable  law  permits  such
> > transfer to be perfected, that obtains the
> > status  of  a  bona  fide  purchaser  and  has
> > perfected such transfer at the time of the
> > commencement  of  the  case,  whether  or  not
> > such a purchaser exists.

11 U.S.C. § 544.

Judge Allen Sharp recently dealt with the precise issue raised
in the instant appeal.  *See United States v. Dewes*, 315 B.R. 834, 836
(Bankr. N.D. Ind. 2004).  Judge Sharp noted that there is a split of
authorities, and the Seventh Circuit has not yet spoken on the matter.

Judge Sharp upheld the bankruptcy court's finding that the debtor had

standing to exercise the trustee's strong arm powers under section

544(a)(3).  The opinion states, in relevant part, that:

> Both the IRS and the Bank argue that the
> Bankruptcy Court erred in concluding that a
> Chapter 13 debtor, such as Dewes, has standing to
> bring an avoidance action under Section 544.  The
> main argument appears to be that unlike the
> specific statutory authority granting a Chapter
> 11 debtor standing to exercise avoidance powers,
> there is no specific statutory provision granting
> Chapter 13 debtors the right to exercise
> avoidance powers under Section 544.  While there
> are a number of courts which hold that Chapter 13
> debtors may not avail themselves of the trustee's
> Section 544 strong-arm avoidance powers, *see,*
> *e.g. In re Hamilton*, 125 F.3d 292 (5th Cir.
> 1997); *In re Henderson*, 133 B.R. 813 (Bankr. W.D.
> Tex 1991), other courts have held that a Chapter
> 13 debtor may exercise the trustee's powers under
> Section 544.  *See, e.g. Freeman v. Eli Lilly Fed*
> *Credit Union*, 72 B.R. 850 (Bankr. E.D. Va. 1987);
> *Einoder v. Mount Greenwood Bank*, 55 B.R. 319
> (Bankr. N.D. Ill. 1985).
>
> While the Seventh Circuit has not decided this
> precise question, it has discussed a related
> question in *Cable v. Ivy Tech State College*, 200
> F.3d 467 (7th Cir. 1999) which was relied on by
> the Bankruptcy Court in its decision.  It is
> clear that Courts have gone both ways on the
> precise question before this Court.  While the
> IRS and Bank argue that a better reasoned
> approach is one in which a Chapter 13 debtor does
> not have standing to bring such an action, the
> Bankruptcy Court disagreed.  The Bankruptcy Court
> in its reading of *Cable* as well as the other
> cases supporting such a position, arrived at the
> conclusion that a Chapter 13 debtor's powers
> allow for standing.  Such decision cannot be
> found to be one that is clearly erroneous and
> most certainly does not leave this Court with a
> firm conviction that the Bankruptcy Court
> committed a mistake.

*Dewes*, 315 B.R. at 836. Appellants have offered nothing by way of their appeal that convinces this Court that either the bankruptcy court or Judge Sharp reached the wrong result.[1]  Nevertheless, such a decision is not necessary to this appeal.  The record reveals that the trustee was joined as a party to the action.  It is beyond question that the trustee has authority to bring an action such as this.  Although it may have been done as an afterthought, once the authority of the debtor was questioned, the trustee has nonetheless been joined.  Accordingly, whether Stubbs has standing to act on her own behalf is irrelevant.

Next, the arguments actually presented in the brief are discussed.  Appellants question the propriety of the bankruptcy court's determination that the acknowledgment did not provide constructive notice to a bona fide purchaser.  First, Appellants claims that the bankruptcy court erred in relying on *In re Baldin*, 135 B.R. 586 (Bankr. N.D. Ind. 1991)and *In re Sandy Ridge Oil Co., Inc,* 807 F.2d 1332 (7th Cir. 1986).  *Baldin* relies heavily on *Sandy Ridge* and (according to Appellants) reliance on *Sandy Ridge* is misplaced. In *Sandy Ridge*, the Seventh Circuit was faced with deciding whether a Chapter 11 debtor-in-possession could avoid an improperly recorded mortgage.  The mortgage failed to name the person who prepared the instrument, which is required by Indiana Code section 36-2-11-15(b).

---

[1] In fact, Appellants have utterly failed to develop this argument.

*Sandy Ridge*, at 1337.  The Seventh Circuit certified the question of whether a recorded instrument that fails to disclose the name of the preparer imports constructive notice to a bona fide purchaser.  *Id.* at 1338.  The Indiana Supreme Court answered in the affirmative.  *In re Sandy Ridge Oil Co., Inc.*, 510 N.E.2d 667 (Ind. 1987).  The decision states that "This Court has never addressed the effect of recording an instrument lacking the preparer's name required by statute, but has long recognized the general principle that the recording of a document not entitled to be recorded does not afford constructive notice."  *Id.* at 669.

Appellants *only* argument in support of its claim that reliance on *Baldin* and *Sandy Ridge* is improper is that this statement "appears after the court's holding and can be considered dicta."  (Appellants' Br. at 5).  The language relied upon does *not* appear after the court's holding.  *See id.* at 671 (stating the court's holding).  And, even if it were dicta, which it is not, it is nevertheless an accurate statement of Indiana law.  The statement from the Indiana Supreme Court's *Sandy Ridge* decision is followed by a litany of cases that support the court's assertion.  The *Sandy Ridge* decision reads, in pertinent part, as follows:

> The first cases to cite this principle in Indiana regarded the general rule as well established but offered no supporting rationale. *Reed v. Coale* (1853), 4 Ind. 283, 287; *Deming v. Miller* (1864), 23 Ind. 416; *Watkins v. Brunt* (1876), 53 Ind. 2098; *Etzler v. Evans* (1878), 61 Ind. 56; *Lapping v. Duffy* (1879), 65 Ind. 229; *Reeves v. Hayes* (1884), 95 Ind. 521.  The

> principle has since been frequently applied.
> *See, e.g. Kothe v. Krag-Reynolds Co.* (1898), 20
> Ind. App. 293, 50 N.E. 594; *Sinclair v.*
> *Gunzenhauser* (1913), 179 Ind. 78, 135-36, 100
> N.E. 376; *Rogers v. City of Evansville* (1982),
> Ind. App., 437 N.E.2d 1019; *Haverell Distributors*
> *Inc. V. Haverell Manufacturing Corp.*, (1944), 115
> Ind. App. 501, 58 N.E.2d 372; *Starz v. Kirsch*
> (1922), 78 Ind. App. 431, 136 N.E. 36; *Bledsoe v.*
> *Ross* (1915), 59 Ind. App. 609, 109 N.E. 53; *Guyer*
> *v. Union Trust Co. Of Indianapolis* (1914), 55
> Ind. App. 472, 104 N.E.82.

*Sandy Ridge*, 510 N.E.2d at 669.  Appellants do not (and could not)

contend that these cases hold anything other than what the Court in

*Sandy Ridge* indicates they do: In Indiana, a document not entitled to

be recorded does not afford constructive notice.

In *Sandy Ridge* the Indiana Supreme Court held that "an instrument

recorded improperly due to the absence of the preparer's name is not

subject to the general rule that recorded defective instruments do not

afford constructive notice."  *Id*. at 671. The Court was careful to

make it clear that the general rule was not being altered:

> We emphasize that the recording requirements
> which affect the nature of the interest and the
> formalities of execution, if absent from a
> recorded instrument, will not be excused so as to
> permit the improper document to be afforded
> constructive notice.  By our decision today, we
> hold only that the omission of the preparer's
> name, contrary to the requirements of Section 15,
> does not operate to deprive a recorded document
> of the constructive notice to which it would
> otherwise be entitled.

*Sandy Ridge*, 510 N.E.2d at 671.

The *Baldwin* decision addressed the identical issue raised by this

case, and reliance upon it was well-founded.  And, the Court in

-10-

*Baldwin* was justified in relying on *Sandy Ridge*.   Appellants' suggestion that the bankruptcy court's reliance on *Baldin* and/or *Sandy Ridge* was inappropriate is without merit.

Appellant's also assert in their brief that, pursuant to Indiana Code section 36-2-11-16(f), the mortgage is conclusively presumed to comply with Indiana's requirements for recordation.  This argument was not presented to the bankruptcy court, but was instead raised for the first time on appeal.  Accordingly, it is waived. *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231 (7th Cir. 1997)("The well-established rule in this Circuit is that a plaintiff waives the right to argue an issue on appeal if she fails to raise the issue before a lower court.").]   Furthermore, as was demonstrated by the Court in *Baldin*, Indiana Courts have interpreted Indiana Code section 32-21-4-1 as providing that constructive notice is given only by *properly* recorded instruments.

> Compliance with this statute is effective to give constructive notice of prior conveyances and mortgages, assuming the documents themselves are in compliance with statutory requirements.  As was stated in *Wienke v. Lynch*, 407 N.E.2d 280, 286, *supra*, and quoted by this Court in *In re Herr, supra*
>> Constructive notice is a legal inference from established facts. Deeds and mortgages, when properly acknowledged and placed on record as required by statute, are constructive notice of their existence, "and charge a subsequent grantee with notice of all that is shown by the record." (Citation omitted).

*Baldin*, 135 B.R. at 595.

Appellants also argue that several other cases relied upon by the bankruptcy court are distinguishable from the instant case.   The Bankruptcy Court cited to *KeyBank Nat'l Ass'n v. NBD Bank,* 699 N.E.2d 322 (Ind. Ct. App. 1998).   The Court in *Keybank* stated that "an otherwise valid instrument which is not entitled to be recorded, improperly recorded, or recorded out of the chain of title does not operate as constructive notice."   *Id.* at 329.   Appellants attempt to distinguish this case by noting that the instrument at issue in *Keybank* was recorded out of the chain of title, while the instant instrument was not.   Appellants also seek to distinguish *United States v. Arnol & Mildred Shafer Farms, Inc.*, 107 B.R. 605, 609 (N.D. Ind. 1989) and *Haverell Distributors, Inc. v. Haverell Mfg. Corp.*, 58 N.E.2d 372, 375 (Ind. App. 1944).   The Courts in *Arnol* and *Haverell* held that a mortgage which is recorded without being duly acknowledged does not provide constructive notice.   *Arnol*, 107 B.R. at 609 ("[A] mortgage which is recorded without being duly acknowledged provides constructive notice to no one."); *Haverell*, 58 N.E.2d at 375 ("Any conveyance, mortgage or other instrument which is recorded without being duly acknowledged is not constructive notice to any one.").   Appellants note that these cases dealt with whether the acknowledgment was on behalf of an individual, corporate officer, or corporation, but that the mortgage at issue here was granted by a single debtor in her individual capacity.   Although Appellants have succeeded in distinguishing these cases, they have not shown that the

-12-

factual differences matter.  The well-acceptable rule in Indiana is that a recorded instrument which is not duly acknowledged does not provide constructive notice.  The fact that cases relied upon by the bankruptcy court can be factually distinguished from the instant case is of no importance.


Can the Strong-arm Powers of 11 U.S.C. Section 544(a)(3)
Be Utilized Without Bringing a Benefit to the Estate?

The second issue raised by Defendants is whether a debtor can exercise avoidance powers when doing so does not bring a benefit to the estate.  While phrased broadly, there does not seem to be any real dispute that the estate must benefit.  Rather, Appellants contend that the bankruptcy court erred because, in this instance, the estate allegedly did not benefit.   Appellants claim that "[u]nsecured creditors will receive no additional funds as a result of the lien avoidance."   (Appellants' Br. at 7.)   Appellants note that the trustee would not have likely brought this action on his own, "because it is not the trustee's duty to provide funding for the plan." (Id.) But, Appellants fail to support their assertion that the estate did not benefit from the exercise of the avoidance powers, and the claim is without merit.

11 U.S.C. section 551 provides that any transfer avoided by the trustee is preserved for the benefit of the estate.  11 U.S.C. § 551. What constitutes a "benefit" within the meaning of 11 U.S.C. section 551 is fact sensitive.  *In re Pearson Industries, Inc.*, 178 B.R. 753,

756 (Bankr. C.D. Ill. 1995).  The requirement that the estate receive a benefit is broadly construed.  *See In re Acequia, Inc.*, 34 F.3d 800, 811 (9th Cir. 1994).

In this case, even if (as Appellants argue) avoidance of the lien would merely enables the debtor to fund the plan, there would still be a benefit to the estate.  The likelihood that the plan would succeed would increase.  Creditors have an interest in the plan succeeding. *See Kennedy Inn Assc. v. Perab Realty Corp.*, 221 B.R. 704, 715 (Bankr. S.D. N.Y. 1998).  Although the benefit may be indirect, it fulfills the requirement that there be a benefit to the estate.  Because there *is* a benefit to the estate, the bankruptcy court did not error in ordering that the lien interests of Appellants are preserved for the benefit of the debtor's bankruptcy estate in Cause Number 04-60428, pursuant to 11 U.S.C. section 551.

Thus, this Court agrees with the well-reasoned conclusions of the bankruptcy court that the lien interests of Appellants are avoided pursuant to 11 U.S.C. section 544(a)(3) and that the lien interests are preserved for the benefit of the debtor's bankruptcy estate.  Accordingly, this Court **AFFIRMS** the bankruptcy court's September 13, 2005, judgment.

CONCLUSION

For the reasons set forth above, the September 13, 2005, order of the bankruptcy court is **AFFIRMED.**


**DATED:  August 14, 2006**                    **/s/RUDY LOZANO, Judge**
                                               **United States District Court**